**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

|  |  |  |
|---|---|---|
| MONOLITHIC 3D™ INC., | § | Case No. 7:26-cv-00115 |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| NVIDIA CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MonolithIC 3D™ Inc. ("Monolithic" or "Plaintiff") for its Complaint against Nvidia Corporation ("Nvidia" or "Defendant"), alleges as follows:

**THE PARTIES**

1. Monolithic is a limited liability company, organized and existing under the laws of the State of Texas, with a principal place of business located at 825 Watter's Creek Boulevard, Building M, Suite 250, Allen, Texas 75013.

2. Upon information and belief, Nvidia is a corporation organized and existing under the laws of the State of Delaware and has a place of business located at 11001 Lakeline Blvd Suite #100 Bldg. 2, Austin, Texas 78717. Nvidia conducts business in Texas and has a registered agent in Texas where it may be served with process via its registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4.      This Court has specific and personal jurisdiction over Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, Defendant has sufficient minimum contacts with the forum because Defendant has physical locations and transacts substantial business in the State of Texas and in this Judicial District. Further, Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Nvidia is registered to do business in Texas and, upon information and belief, Nvidia has transacted business in this Judicial District, has committed acts of direct and indirect infringement in this Judicial District, and has regular and established places of business in this Judicial District as set forth above. Nvidia is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District. On information and belief, Nvidia through its own acts and/or through the acts of others, makes, uses, sells, offers to sell, and/or imports infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one. Defendant has a regular and established place of business in this District, including at least a facility located at 11001 Lakeline Blvd Suite #100 Bldg. 2, Austin, Texas 78717.

**PATENTS-IN-SUIT**

6.    On July 9, 2024, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,035,531 (the "'531 Patent") entitled "3D Semiconductor Device and Structure with Logic and Memory." A true and correct copy of the '531 Patent is attached hereto as Exhibit 1.

7.    On October 22, 2024, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,125,737 (the "'737 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers and Memory Cells." A true and correct copy of the '737 Patent is attached hereto as Exhibit 2.

8.    On March 4, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,243,765 (the "'765 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers and Memory Cells." A true and correct copy of the '765 Patent is attached hereto as Exhibit 3.

9.    On July 22, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,369,347 (the "'347 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers and a Power Delivery Path." A true and correct copy of the '347 Patent is attached hereto as Exhibit 4.

10.    On July 29, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,376,382 (the "'382 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers." A true and correct copy of the '382 Patent is attached hereto as Exhibit 5.

11.    On November 11, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,469,735 (the "'735 Patent") entitled "3D Semiconductor Device

and Structure with Metal Layers and Memory Cells." A true and correct copy of the '735 Patent is attached hereto as Exhibit 6.

12. Monolithic is the sole and exclusive owner of all right, title, and interest to and in the '531 Patent, '737 Patent, the '765 Patent, the '347 Patent, the '382 Patent, and the '735 Patent (collectively the "Patents-in-Suit" or "Asserted Patents"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Monolithic also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit, and to seek injunctive relief as appropriate under the law.

13. Monolithic has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

### FACTUAL ALLEGATIONS

14. Monolithic is an innovator in computer memory, logic, and electro-optics. Monolithic was originally founded and incorporated in 2009 under the name NuPGA by Zvi Or-Bach, the President and CEO of Monolithic. NuPGA's mission was to develop programmable logic technology with density, speed, and power approaching application-specific integrated circuits ("ASICs"). While developing improved field-programmable gate array ("FPGA") technology, the NuPGA team discovered a path for practical monolithic 3D integrated circuits ("IC"). Recognizing that this breakthrough and its many related innovations represented a paradigm shift for the entire semiconductor industry, Mr. Or-Bach changed the company strategy to focus on monolithic 3D-ICs and renamed the company to MonolithIC 3D™ Inc.

15. Monolithic's business involves researching, developing, and licensing technology, including DRAM technology. Monolithic has more than 300 U.S. patents related to multi-level IC

4

technology, including over 30 U.S. patents related to high bandwidth memory ("HBM") technology.

16.     The Asserted Patents generally relate to semiconductor memory devices and fabrication methods. The technology of the Patents-in-Suit was variously developed by Zvi Or-Bach, Deepak C. Sekar, Brian Cronquist, Israel Beinglass, and Zeev Wurman of Monolithic. Some embodiments of the invention provide high bandwidth memory integrated circuits. Nvidia uses this technology, for example, in its implementation of high bandwidth memory of the Accused Products.

17.     Nvidia has infringed and is continuing to infringe one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import, graphical processing units, SoCs, and processors comprising HBM products (collectively, the "Accused Products"), including, but not limited to, the Nvidia GH100 and GH200 Grace Hopper Superchips since March 2020.

18.     The Accused Products (e.g., the Nvidia GH200 Grace Hopper Superchip) comprise HBM products including, for example, the SK Hynix H5UG7HME03X020R HBM. For example, "[a]ccording to Nvidia, the new edition of the GH200 is the world's first processor to include HBM3e memory. . . . HBM3e is manufactured by SK hynix Inc. using a 10-nanometer process." https://siliconangle.com/2023/08/08/nvidia-debuts-upgraded-gh200-grace-hopper-chip-high-speed-hbm3e-memory/. "SK hynix has already 'sold out' this year's HBM volumes and is said to be the first among the three memory companies to finish preparations for mass production of HBM4 (6th generation) and is negotiating volumes with Nvidia." https://biz.chosun.com/en/en-it/2025/10/27/UKZGKNEMINF3DPPGXFLKS766OU/.

19.     As shown in the image below, the NVIDIA GH200 (chip on the left) comprises the

NVIDIA GH100 chip (chip on the right), which is the GPU component of the NVIDIA GH200:



NVIDIA Grace Hopper Superchip
©Yole Group 2025

NVIDIA Hopper GPU 200 Overview
©Yole Group 2025

20.     The NVIDIA GH100 chip (part no. GH100-888K-A1), in turn, comprises six SK Hynix HBM products identified as "HBM 16GB" in the image below, one of which is H5UG7HMD83X020R:



21.    The NVIDIA GH200 chip is used in products such as Quanta Computer Inc.'s QuantaGrid S74G-2U server, which is also known as the Quanta S74G-2U Grace Hopper Superchip System[1]:



22.    Furthermore, "[t]he SK Hynix H5VG7HMD83X020R [sic] was found inside

_____

[1] *See* https://go.qct.io/global-campaign/qct-cutting-edge-infrastructure-and-solution-powered-by-nvidiaen/ ("QuantaGrid S74G-2U is the NVIDIA Grace-Hopper Superchip server").

NVIDIA's [GH 200] Grace Hopper Superchip used in the use in Quanta Computer Inc's S74G-2U QuantaGrid server for artificial intelligence (AI) and high-performance computing (HPC) applications. The NVIDIA GH100-888K-A1 Hopper GPU . . . contain[s] six SK hynix 16 GB 4th generation HBM3 DRAM sub-packages from which the SK hynix H5VG7HMD83X020R [sic] die, manufactured using the SH hynix's D1z process, was extracted for analysis. . . ." https://www.techinsights.com/blog/sk-hynix-h5vg7hmd83x020r-d1z-16-gb-hbm3-dram-memory-floorplan-analysis. The die marking on the Nvidia GH100-888K-A1 Hopper GPU shows that it contains the SK hynix H5UG7HMD83X020R:



23.      Upon information and belief, Nvidia has had knowledge and notice of the Asserted Patents, and Nvidia's infringement thereof, from prior litigations at least as of November 26, 2025 (including *Monolithic 3D*<sup>TM</sup> *Inc. v. SK Hynix Inc.*, Case No. 2:25-cv-1167 (E.D. Tex.), *Monolithic 3D*<sup>TM</sup> *Inc. v. SK Hynix Inc.*, Case No. 2:26-cv-0145 (E.D. Tex.), and *In the Matter of Certain*

*NAND and DRAM Memory Chips*, Inv. No. 337-TA-1492 (USITC) (collectively, the "Hynix Cases")), precisely because those litigations accused certain products (*e.g.*, SK Hynix HBM product H5UG7HMD83X020R) of infringement that are included within the Accused Products, as noted above, and mentioned the exemplary GH100 and GH200 Accused Products by name.

**COUNT I**
**(Infringement of the '531 Patent)**

24. Paragraphs 1 through 23 are incorporated by reference, as if fully set forth herein.

25. Monolithic has not licensed or otherwise authorized Nvidia to make, use, offer for sale, sell, or import any products that embody the inventions of the '531 Patent.

26. Nvidia has and continues to directly infringe the '531 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '531 Patent. These products include at least the Accused Products, such as the Nvidia GH200 Grace Hopper Superchip, which comprises the NVIDIA GH100 chip, which in turn comprises the H5UG7HME03X020R HBM3 high bandwidth memory.





PRODUCTS ▶ DRAM ▶ HBM ▶ **HBM3E**

**Parts Detail**

HBM HBM3

# H5UG7HMD83X020R

| Density | 16Gb |
|---|---|
| KGSD Density | 128Gb |
| Speed | 5.6Gbps |
| Organization | x1024 |
| Voltage (VDD / VDDQ) | 1.1V / 1.1V |

2

---

[2] https://product.skhynix.com/products/dram/hbm/hbm3e.go.

27.  For example, Defendant has and continues to directly infringe at least claim 8 of the '531 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a 3D semiconductor device, the device comprising: a first level comprising a single crystal layer and a memory control circuit, said memory control circuit comprising a plurality of first transistors; a first metal layer overlaying said first single crystal layer; a second metal layer overlaying said first metal layer; a third metal layer overlaying said second metal layer; a plurality of second transistors disposed atop said third metal layer; a plurality of third transistors disposed atop said plurality of second transistors; a fourth metal layer disposed atop said plurality of third transistors; and a memory array comprising word-lines, wherein said memory array comprises at least four memory mini arrays, wherein each of said at least four memory mini arrays comprises at least four rows by at least four columns of memory cells, wherein at least one of said plurality of second transistors comprises a metal gate, wherein each of said memory cells comprises at least one of said plurality of second transistors or at least one of said plurality of third transistors, and wherein said first level comprises at least one in-out interface control circuit.

28.  Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a single crystal layer and a memory control circuit, said memory control circuit comprising a plurality of first transistors. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.

11







**a memory control circuit, said memory control circuit comprising a plurality of first transistors**

Part of HBM Logic Die
(Delayered, Optical)

29.     Each Accused Product comprises a first metal layer overlaying said first single crystal layer; a second metal layer overlaying said first metal layer; and a third metal layer overlaying said second metal layer. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements, as demonstrated in the diagram below.



30.    Each Accused Product comprises a plurality of second transistors disposed atop said third metal layer. For example, the HBM logic die comprises an aforementioned third metal layer, further comprising a plurality of second transistors, as demonstrated in the figures below.



14



31.     Each Accused Product comprises a plurality of third transistors disposed atop said plurality of second transistors. For example, a plurality of third transistors are contained in the second HBM DRAM die over the first HBM DRAM die.



32.     Each Accused Product comprises a fourth metal layer disposed atop said plurality of third transistors. For example, said plurality of third transistors are contained in the second HBM DRAM die, of which the bottom side is displayed in the figure below.



HBM DRAM Cross-section (Interface to HBM DRAM Die, SEM)

33.     Each Accused Product comprises a memory array comprising word-lines, wherein said memory array comprises at least four memory mini arrays, wherein each of said at least four memory mini arrays comprises at least four rows by at least four columns of memory cells. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



34.    Each Accused Product comprises a system wherein at least one of said plurality of second transistors comprises a metal gate, wherein each of said memory cells comprises at least one of said plurality of second transistors, or at least one of said plurality of third transistors. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





35.     Each Accused Product comprises a system wherein said first level comprises at least one in-out interface control circuit. For example, the HBM logic die comprises a large number of I/O interfaces, used to control data and addressing for each of the HBM DRAM dies.



HBM Cross-section (Optical)

36.     Nvidia indirectly infringes one or more claims of the '531 Patent by knowingly and intentionally inducing others, including Nvidia customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Grace Hopper Superchips.

37.     Nvidia indirectly infringes one or more claims of the '531 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as Nvidia's customers and end-users, in this District and elsewhere in the United States. For example, Nvidia's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '531 Patent. Nvidia induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers

and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation.[3] Because of Nvidia's inducement, Nvidia's customers and end-users use Accused Products in a way Nvidia intends and directly infringe the '531 Patent. Nvidia performs these affirmative acts with knowledge of the '531 Patent and with intent, or willful blindness, that the induced acts directly infringe the '531 Patent, at least as of the date of the Hynix Cases.

38.　Nvidia indirectly infringes one or more claims of the '531 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Nvidia's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '531 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '531 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Nvidia to be especially made or adapted for use in the infringement of the '531 Patent. Nvidia performs these affirmative acts with knowledge of the '531 Patent and with intent, or willful blindness, that it causes the direct infringement of the '531 Patent, at least as of the date of the Hynix Cases.

39.　Nvidia's infringement of the '531 Patent is and has been willful. Nvidia has had knowledge and notice of the Asserted Patents, and Nvidia's infringement thereof, from the Hynix Cases at least as of November 26, 2025, precisely because those litigations accused certain

---

[3] *See* *e.g.* https://docs.nvidia.com/cuda/parallel-thread-execution/index.html#memory-consistency-model; https://docs.nvidia.com/cuda/cuda-c-programming-guide/index.html?highlight=invalidate%2520cache#load-functions-using-cache-hints.

20

products (*e.g.*, SK Hynix HBM product H5UG7HMD83X020R) of infringement that are included within the Accused Products and mentioned the exemplary GH100 and GH200 Accused Products by name.

40.     Monolithic has suffered damages as a result of Defendant's direct, indirect, and willful infringement of the '531 Patent in an amount to be proved at trial.

41.     Monolithic has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '531 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '737 Patent)

42.     Paragraphs 1 through 23 are incorporated by reference, as if fully set forth herein.

43.     Monolithic has not licensed or otherwise authorized Nvidia to make, use, offer for sale, sell, or import any products that embody the inventions of the '737 Patent.

44.     Nvidia has and continues to directly infringe the '737 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '737 Patent. These products include at least the Accused Products, such as the Nvidia GH200 Grace Hopper Superchip, which comprises the NVIDIA GH100 chip, which in turn comprises the H5UG7HME03X020R HBM3 high bandwidth memory.





PRODUCTS ▶ DRAM ▶ HBM ▶ **HBM3E**                                                                    ✕

## Parts Detail



HBM HBM3

# H5UG7HMD83X020R

| Density | 16Gb |
| --- | --- |
| KGSD Density | 128Gb |
| Speed | 5.6Gbps |
| Organization | x1024 |
| Voltage (VDD / VDDQ) | 1.1V / 1.1V |

4

---

[4] https://product.skhynix.com/products/dram/hbm/hbm3e.go.

45.     For example, Defendant has and continues to directly infringe at least claim 15 of the '737 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise A 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel; a first metal layer; a second metal layer overlaying said first metal layer; a second level comprising a plurality of second transistors, said second level overlaying said first level; a third level comprising a plurality of third transistors, said third level overlaying said second level; and a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level, wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors, wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors, wherein said first level comprises memory control circuits, wherein said memory control circuits control writing to said plurality of second memory cells, and wherein said first level comprises a plurality of Through Silicon Via ("TSV").

46.     Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, and wherein each of said first transistors comprises a single crystal channel. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.

23



47.    Each Accused Product comprises a first metal layer; a second metal layer overlaying said first metal layer. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



48.    Each Accused Product comprises a second level, comprising a plurality of second transistors, said second level overlaying said first level. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the below diagram.  Said second metal layer is within the HBM logic die, and the plurality of second transistors include, for example, the DRAM cell access transistors.

25





49.    Each Accused Product comprises a third level, comprising a plurality of third transistors, said third level overlaying said second level. For example, a plurality of third transistors are contained in the second HBM DRAM die over the first HBM DRAM die.



50.    Each Accused Product comprises a fourth level, comprising a plurality of fourth transistors, said fourth level overlaying said third level. For example, in the same manner depicted above, a plurality of fourth transistors are contained in the third DRAM die over said third level.

51.    Each Accused Product comprises a system wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below. The aforementioned plurality of second transistors include DRAM cell access transistors.



52.    Each Accused Product comprises a system wherein said fourth level, comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors. For example, the fourth level of the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises a plurality of memory cells, each of which comprise transistors, in the same manner as the second level discussed above.

53.    Each Accused Product comprises a system wherein said first level, comprises memory control circuits, and wherein said memory control circuits control writing to said plurality of second memory cells. For example, data to the entire HBM DRAM stack flows through the HBM logic die, and the memory logic control circuits on the logic die control writing to the memory cells.



Part of HBM Logic Die
(Delayered, Optical)

54.    Each Accused Product comprises a system wherein said first level, comprises a plurality of Through Silicon Via ("TSV"). For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



55.    Nvidia indirectly infringes one or more claims of the '737 Patent by knowingly and intentionally inducing others, including Nvidia customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Grace Hopper Superchips.

56.    Nvidia indirectly infringes one or more claims of the '737 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as Nvidia's customers and end-users, in this District and elsewhere in the United States. For example, Nvidia's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '737 Patent. Nvidia induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the

Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation.[5] Because of Nvidia's inducement, Nvidia's customers and end-users use Accused Products in a way Nvidia intends and directly infringe the '737 Patent. Nvidia performs these affirmative acts with knowledge of the '737 Patent and with intent, or willful blindness, that the induced acts directly infringe the '737 Patent, at least as of the date of the Hynix Cases.

57.    Nvidia indirectly infringes one or more claims of the '737 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Nvidia's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '737 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '737 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Nvidia to be especially made or adapted for use in the infringement of the '737 Patent. Nvidia performs these affirmative acts with knowledge of the '737 Patent and with intent, or willful blindness, that it causes the direct infringement of the '737 Patent, at least as of the date of the Hynix Cases.

58.    Nvidia's infringement of the '737 Patent is and has been willful. Nvidia has had knowledge and notice of the Asserted Patents, and Nvidia's infringement thereof, from the Hynix

---

[5] *See e.g.* https://docs.nvidia.com/cuda/parallel-thread-execution/index.html#memory-consistency-model; https://docs.nvidia.com/cuda/cuda-c-programming-guide/index.html?highlight=invalidate%2520cache#load-functions-using-cache-hints.

Cases at least as of November 26, 2025, precisely because those litigations accused certain products (*e.g.*, SK Hynix HBM product H5UG7HMD83X020R) of infringement that are included within the Accused Products and mentioned the exemplary GH100 and GH200 Accused Products by name.

59.     Monolithic has suffered damages as a result of Defendant's direct, indirect, and willful infringement of the '737 Patent in an amount to be proved at trial.

60.     Monolithic has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '737 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '765 Patent)

61.     Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

62.     Monolithic has not licensed or otherwise authorized Nvidia to make, use, offer for sale, sell, or import any products that embody the inventions of the '765 Patent.

63.     Nvidia has and continues to directly infringe the '765 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '765 Patent. These products include at least the Accused Products, such as the Nvidia GH200 Grace Hopper Superchip, which comprises the NVIDIA GH100 chip, which in turn comprises the H5UG7HME03X020R HBM3 high bandwidth memory.

32







---

6 https://product.skhynix.com/products/dram/hbm/hbm3e.go.

64.     For example, Defendant has and continues to directly infringe at least claim 15 of the '765 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel; a first metal layer; a second metal layer overlaying said first metal layer; a second level comprising a plurality of second transistors, said second level overlaying said first level; a third level comprising a plurality of third transistors, said third level overlaying said second level; and a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level, wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors, wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors, wherein said first level comprises memory control circuits, wherein at least one of said second transistors comprises a metal gate, wherein said memory control circuits control writing to said plurality of second memory cells, and wherein said first level is bonded to said second level.

65.     Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack. The transistor channels are formed in the single crystal silicon substrate. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.



66.    Each Accused Product comprises a first metal layer; a second metal layer overlaying said first metal layer. For example, the H5UG7HME03X020R HBM3 included in the

Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



67.    Each Accused Product comprises a second level comprising a plurality of second transistors, said second level overlaying said first level. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below. Said second metal layer is within the HBM logic die, and the plurality of second transistors include, for example, the DRAM cell access transistors.





68. Each Accused Product comprises a third level comprising a plurality of third transistors, said third level overlaying said second level. For example, a plurality of third transistors are contained in the second HBM DRAM die over the first HBM DRAM die.



69. Each Accused Product comprises a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level. For example, in the same manner depicted above, a plurality of fourth transistors are contained in the third DRAM die over said third level.

70. Each Accused Product comprises a system wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below. The aforementioned plurality of second transistors include DRAM cell access transistors.



71.     Each Accused Product comprises a system wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors. For example, the fourth level of the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises a plurality of memory cells, each of which comprise transistors, in the same manner as the second level discussed above.

72.     Each Accused Product comprises a system wherein said first level comprises memory control circuits. For example, data to the entire HBM DRAM stack flows through the HBM logic die, and the memory logic control circuits on the logic die control writing to the memory cells.



memory control circuits

Part of HBM Logic Die
(Delayered, Optical)

73.     Each Accused Product comprises a system wherein at least one of said second transistors comprises a metal gate. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



74.     Each Accused Product comprises a system wherein said memory control circuits control writing to said plurality of second memory cells. For example, as noted above, the aforementioned memory control circuits on the logic die control writing to the memory cells.

75.     Each Accused Product comprises a system wherein said first level is bonded to said second level. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.

41



76.     Nvidia indirectly infringes one or more claims of the '765 Patent by knowingly and intentionally inducing others, including Nvidia customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Grace Hopper Superchips.

77.     Nvidia indirectly infringes one or more claims of the '765 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as Nvidia's customers and end-users, in this District and elsewhere in the United States. For example, Nvidia's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '765 Patent. Nvidia induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers

and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation.[7] Because of Nvidia's inducement, Nvidia's customers and end-users use Accused Products in a way Nvidia intends and directly infringe the '765 Patent. Nvidia performs these affirmative acts with knowledge of the '765 Patent and with intent, or willful blindness, that the induced acts directly infringe the '765 Patent, at least as of the date of the Hynix Cases.

78.    Nvidia indirectly infringes one or more claims of the '765 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Nvidia's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '765 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '765 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Nvidia to be especially made or adapted for use in the infringement of the '765 Patent. Nvidia performs these affirmative acts with knowledge of the '765 Patent and with intent, or willful blindness, that it causes the direct infringement of the '765 Patent, at least as of the date of the Hynix Cases.

79.    Nvidia's infringement of the '765 Patent is and has been willful. Nvidia has had knowledge and notice of the Asserted Patents, and Nvidia's infringement thereof, from the Hynix Cases at least as of November 26, 2025, precisely because those litigations accused certain

---

[7] *See e.g.* https://docs.nvidia.com/cuda/parallel-thread-execution/index.html#memory-consistency-model; https://docs.nvidia.com/cuda/cuda-c-programming-guide/index.html?highlight=invalidate%2520cache#load-functions-using-cache-hints.

products (*e.g.*, SK Hynix HBM product H5UG7HMD83X020R) of infringement that are included within the Accused Products and mentioned the exemplary GH100 and GH200 Accused Products by name.

80.     Monolithic has suffered damages as a result of Defendant's direct, indirect, and willful infringement of the '765 Patent in an amount to be proved at trial.

81.     Monolithic has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '765 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## <u>COUNT IV</u>
### (Infringement of the '347 Patent)

82.     Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

83.     Monolithic has not licensed or otherwise authorized Nvidia to make, use, offer for sale, sell, or import any products that embody the inventions of the '347 Patent.

84.     Nvidia has and continues to directly infringe the '347 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '347 Patent. These products include at least the Accused Products, such as the Nvidia GH200 Grace Hopper Superchip, which comprises the NVIDIA GH100 chip, which in turn comprises the H5UG7HME03X020R HBM3 high bandwidth memory.







[8]

---

45

85.     For example, Defendant has and continues to directly infringe at least claim 15 of the '347 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a 3D semiconductor device, the device comprising: a first level comprising single crystal first transistors, a first metal layer, and a first isolation layer; a second level comprising second transistors and a second isolation layer, wherein said first level is overlaid by said second level; a third level comprising third transistors; a fourth level comprising a single crystal layer, wherein said second level is overlaid by said third level, wherein said third level is overlaid by said fourth level, wherein said third level comprises a third isolation layer, and wherein said third level is bonded to said second level; a power delivery path to said second transistors, wherein at least a portion of said power delivery path is connected to at least one of said first transistors; and a global power distribution metal layer comprising a metal thickness twice thicker than said first metal layer.

86.     Each Accused Product comprises A 3D semiconductor device, the device comprising: a first level comprising single crystal first transistors, a first metal layer, and a first isolation layer. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





87.    Each Accused Product comprises a second level comprising second transistors and a second isolation layer, wherein said first level is overlaid by said second level; a third level comprising third transistors; a fourth level comprising a single crystal layer, wherein said second level is overlaid by said third level, wherein said third level is overlaid by said fourth level. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





88.    Each Accused Product comprises a system wherein said third level comprises a third isolation layer. For example, each HBM DRAM die comprises the same structures. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip further comprises these elements as demonstrated in the diagram below.



89.    Each Accused Product comprises a system wherein said third level is bonded to said second level. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the below diagram.



90.    Each Accused Product comprises a power delivery path to said second transistors, wherein at least a portion of said power delivery path is connected to at least one of said first transistors. For example, power to the entire HBM stack including the logic die is routed from the interposer connection to the main system, and at least a portion of a power delivery path connects to both first and second transistors. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



91.    Each Accused Product comprises a global power distribution metal layer comprising a metal thickness twice thicker than said first metal layer. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



92.     Nvidia indirectly infringes one or more claims of the '347 Patent by knowingly and intentionally inducing others, including Nvidia customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Grace Hopper Superchips.

93.     Nvidia indirectly infringes one or more claims of the '347 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as Nvidia's customers and end-users, in this District and elsewhere in the United States. For example, Nvidia's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '347 Patent. Nvidia induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation.[9] Because of Nvidia's inducement, Nvidia's customers and end-users use Accused Products in a way Nvidia intends and directly infringe the '347 Patent. Nvidia performs these affirmative acts with knowledge of the '347 Patent and with intent, or willful blindness, that the induced acts directly infringe the '347 Patent, at least as of the date of the Hynix Cases.

94.     Nvidia indirectly infringes one or more claims of the '347 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Nvidia's affirmative acts of selling and

---

[9] *See e.g.* https://docs.nvidia.com/cuda/parallel-thread-execution/index.html#memory-consistency-model; https://docs.nvidia.com/cuda/cuda-c-programming-guide/index.html?highlight=invalidate%2520cache#load-functions-using-cache-hints.

offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '347 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '347 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Nvidia to be especially made or adapted for use in the infringement of the '347 Patent. Nvidia performs these affirmative acts with knowledge of the '347 Patent and with intent, or willful blindness, that it causes the direct infringement of the '347 Patent, at least as of the date of the Hynix Cases.

95.    Nvidia's infringement of the '347 Patent is and has been willful. Nvidia has had knowledge and notice of the Asserted Patents, and Nvidia's infringement thereof, from the Hynix Cases at least as of November 26, 2025, precisely because those litigations accused certain products (*e.g.*, SK Hynix HBM product H5UG7HMD83X020R) of infringement that are included within the Accused Products and mentioned the exemplary GH100 and GH200 Accused Products by name.

96.    Monolithic has suffered damages as a result of Defendant's direct, indirect, and willful infringement of the '347 Patent in an amount to be proved at trial.

97.    Monolithic has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '347 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT V
### (Infringement of the '382 Patent)

98.    Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

99.     Monolithic has not licensed or otherwise authorized Nvidia to make, use, offer for sale, sell, or import any products that embody the inventions of the '382 Patent.

100.    Nvidia has and continues to directly infringe the '382 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '382 Patent. These products include at least the Accused Products, such as the Nvidia GH200 Grace Hopper Superchip, which comprises the NVIDIA GH100 chip, which in turn comprises the H5UG7HME03X020R HBM3 high bandwidth memory.





54

PRODUCTS ▶ DRAM ▶ HBM ▶ HBM3E

**Parts Detail** ✕

HBM HBM3
# H5UG7HMD83X020R

| | |
|---|---|
| **Density** | 16Gb |
| **KGSD Density** | 128Gb |
| **Speed** | 5.6Gbps |
| **Organization** | x1024 |
| **Voltage (VDD / VDDQ)** | 1.1V / 1.1V |

[10]

101.    For example, Defendant has and continues to directly infringe at least claim 8 of the '382 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a semiconductor device, the semiconductor device comprising: a first level comprising a first single crystal silicon layer and a plurality of first transistors; a first metal layer; a second metal layer, wherein interconnection of said plurality of first transistors comprises said first metal layer and said second metal layer; a second level comprising a plurality of second transistors, said second level disposed over said first level; a third level comprising a plurality of third transistors, said third level disposed over said second level; a third metal layer disposed over said third level; a fourth metal layer disposed over said third metal layer; and a via disposed through said second level and through said third level as part of a connection path between said third metal layer to said second metal layer, wherein each of said plurality of second transistors comprises a metal gate, wherein at least one of said metal gates comprises tungsten, wherein said second level comprises a first array of memory cells, wherein said third level comprises a second array of memory cells, wherein formation of said plurality of second transistors comprises a first

---

[10] https://product.skhynix.com/products/dram/hbm/hbm3e.go.

lithography step, and wherein formation of said plurality of third transistors comprises a second lithography step.

102.    Each Accused Product comprises A 3D semiconductor device, the semiconductor device comprising: a first level comprising a first single crystal silicon layer and a plurality of first transistors. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack, and the transistor channels are formed in the single crystal silicon substrate. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





103. Each Accused Product comprises a first metal layer; a second metal layer, wherein interconnection of said plurality of first transistors comprises said first metal layer and said second metal layer. For example, the transistors of the HBM logic die are interconnected by at least metal 1 and metal 2 as demonstrated in the diagram below.



104.    Each Accused Product comprises a second level comprising a plurality of second transistors, said second level disposed over said first level. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





105.    Each Accused Product comprises a third level comprising a plurality of third transistors, said third level disposed over said second level. For example, the third level comprises

a second HBM DRAM die over the first HBM DRAM die, which includes transistors in the same manner and configuration as the die discussed above.

106.    Each Accused Product comprises a third metal layer disposed over said third level; a fourth metal layer disposed over said third metal layer; and a via disposed through said second level and through said third level as part of a connection path between said third metal layer to said second metal layer. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





107.    Each Accused Product comprises a system wherein each of said plurality of second transistors comprises a metal gate, wherein at least one of said metal gates comprises tungsten. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



108.    Each Accused Product comprises a system wherein said second level comprises a first array of memory cells. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



109.    Each Accused Product comprises a system wherein said third level comprises a second array of memory cells. For example, the aforementioned third level comprises a second array of memory cells in the same manner and configuration as the aforementioned second level discussed above.

110.    Each Accused Product comprises a system wherein formation of said plurality of second transistors comprises a first lithography step, and wherein formation of said plurality of third transistors comprises a second lithography step. For example, the manufacturing of each layer of the HBM DRAM stack comprises  identical, separate lithography steps for each die. Each lithography step forms a plurality of transistors in each DRAM die as shown above.

111.    Nvidia indirectly infringes one or more claims of the '382 Patent by knowingly and intentionally inducing others, including Nvidia customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Grace Hopper Superchips.

112.    Nvidia indirectly infringes one or more claims of the '382 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as Nvidia's customers and end-users, in this District and elsewhere in the United States. For example, Nvidia's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '382 Patent. Nvidia induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation.[11] Because of Nvidia's inducement, Nvidia's customers and end-users use Accused Products in a way Nvidia intends and directly infringe the '382 Patent. Nvidia performs these affirmative acts with knowledge of the '382 Patent and with intent, or willful blindness, that the induced acts directly infringe the '382 Patent, at least as of the date of the Hynix Cases.

113.    Nvidia indirectly infringes one or more claims of the '382 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Nvidia's affirmative acts of selling and

---

[11] *See e.g.* https://docs.nvidia.com/cuda/parallel-thread-execution/index.html#memory-consistency-model; https://docs.nvidia.com/cuda/cuda-c-programming-guide/index.html?highlight=invalidate%2520cache#load-functions-using-cache-hints.

offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '382 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '382 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Nvidia to be especially made or adapted for use in the infringement of the '382 Patent. Nvidia performs these affirmative acts with knowledge of the '382 Patent and with intent, or willful blindness, that it causes the direct infringement of the '382 Patent, at least as of the date of the Hynix Cases.

114.    Nvidia's infringement of the '382 Patent is and has been willful. Nvidia has had knowledge and notice of the Asserted Patents, and Nvidia's infringement thereof, from the Hynix Cases at least as of November 26, 2025, precisely because those litigations accused certain products (*e.g.*, SK Hynix HBM product H5UG7HMD83X020R) of infringement that are included within the Accused Products and mentioned the exemplary GH100 and GH200 Accused Products by name.

115.    Monolithic has suffered damages as a result of Defendant's direct, indirect, and willful infringement of the '382 Patent in an amount to be proved at trial.

116.    Monolithic has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '382 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT VI
### (Infringement of the '735 Patent)

117.    Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

118.   Monolithic has not licensed or otherwise authorized Nvidia to make, use, offer for sale, sell, or import any products that embody the inventions of the '735 Patent.

119.   Nvidia has and continues to directly infringe the '735 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '735 Patent. These products include at least the Accused Products, such as the Nvidia GH200 Grace Hopper Superchip, which comprises the NVIDIA GH100 chip, which in turn comprises the H5UG7HME03X020R HBM3 high bandwidth memory.





PRODUCTS ▶ DRAM ▶ HBM ▶ HBM3E                                                   ✕

**Parts Detail**

HBM HBM3

# H5UG7HMD83X020R

| | |
|---|---|
| **Density** | 16Gb |
| **KGSD Density** | 128Gb |
| **Speed** | 5.6Gbps |
| **Organization** | x1024 |
| **Voltage (VDD / VDDQ)** | 1.1V / 1.1V |

[12]

120.    For example, Defendant has and continues to directly infringe at least claim 8 of the '735 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel; a first metal layer; a second metal layer overlaying said first metal layer; a second level comprising a plurality of second transistors, said second level overlaying said first level; a third level comprising a plurality of third transistors, said third level overlaying said second level; a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level, wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors, wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors, wherein said first level comprises memory control circuits, wherein at least one of said second transistors comprises a metal gate, wherein said memory control circuits control writing to said plurality of

---

[12] https://product.skhynix.com/products/dram/hbm/hbm3e.go.

second memory cells, and wherein said first level comprises a plurality of through silicon via ("TSV").

121.  Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack, and the transistor channels are formed in the single crystal silicon substrate. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





122.    Each Accused Product comprises a first metal layer; a second metal layer overlaying said first metal layer. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



123.    Each Accused Product comprises a second level comprising a plurality of second transistors, said second level overlaying said first level. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagrams below.





124.    Each Accused Product comprises a third level comprising a plurality of third transistors, said third level disposed over said second level. For example, the third level comprises a second HBM DRAM die over the first HBM DRAM die, which includes transistors in the same manner and configuration as the die discussed above.

125.    Each Accused Product comprises a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level. For example, the fourth level comprises a second HBM DRAM die over the first HBM DRAM die, which includes transistors in the same manner and configuration as the die discussed above.

126.    Each Accused Product comprises a system wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors. For example, the plurality of second transistors comprises the DRAM cell access transistors. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



127.    Each Accused Product comprises a system wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors. For example, the aforementioned fourth level comprises a

second array of memory cells in the same manner and configuration as the aforementioned second level discussed above.

128.    Each Accused Product comprises a system wherein at least one of said second transistors comprises a metal gate. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



129.    Each Accused Product comprises a system wherein said memory control circuits control writing to said plurality of second memory cells. For example, data to the entire HBM DRAM stack flows through the HBM logic die, and the memory control circuits on the HBM logic die control writing to the memory cells. For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



said memory control circuits

Part of HBM Logic Die
(Delayered, Optical)

130.    Each Accused Product comprises a system wherein said first level comprises a plurality of through silicon via ("TSV"). For example, the H5UG7HME03X020R HBM3 included in the Nvidia GH200 Grace Hopper Superchip comprises these elements as demonstrated in the diagram below.



131.    Nvidia indirectly infringes one or more claims of the '735 Patent by knowingly and intentionally inducing others, including Nvidia customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as Grace Hopper Superchips.

132.    Nvidia indirectly infringes one or more claims of the '735 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as Nvidia's customers and end-users, in this District and elsewhere in the United States. For example, Nvidia's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '735 Patent. Nvidia induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the

Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation.[13] Because of Nvidia's inducement, Nvidia's customers and end-users use Accused Products in a way Nvidia intends and directly infringe the '735 Patent. Nvidia performs these affirmative acts with knowledge of the '735 Patent and with intent, or willful blindness, that the induced acts directly infringe the '735 Patent, at least as of the date of the Hynix Cases.

133.    Nvidia indirectly infringes one or more claims of the '735 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Nvidia's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '735 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '735 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Nvidia to be especially made or adapted for use in the infringement of the '735 Patent. Nvidia performs these affirmative acts with knowledge of the '735 Patent and with intent, or willful blindness, that it causes the direct infringement of the '735 Patent, at least as of the date of the Hynix Cases.

134.    Nvidia's infringement of the '735 Patent is and has been willful. Nvidia has had knowledge and notice of the Asserted Patents, and Nvidia's infringement thereof, from the Hynix

---

[13] *See e.g.* https://docs.nvidia.com/cuda/parallel-thread-execution/index.html#memory-consistency-model; https://docs.nvidia.com/cuda/cuda-c-programming-guide/index.html?highlight=invalidate%2520cache#load-functions-using-cache-hints.

Cases at least as of November 26, 2025, precisely because those litigations accused certain products (*e.g.*, SK Hynix HBM product H5UG7HMD83X020R) of infringement that are included within the Accused Products and mentioned the exemplary GH100 and GH200 Accused Products by name.

135. Monolithic has suffered damages as a result of Defendant's direct, indirect, and willful infringement of the '735 Patent in an amount to be proved at trial.

136. Monolithic has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '735 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Monolithic prays for relief against Nvidia as follows:

a. Entry of judgment declaring that Nvidia has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b. Entry of judgment declaring that Nvidia's infringement of the Patents-in-Suit is willful;

c. An order awarding damages sufficient to compensate Monolithic for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Monolithic its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

e. An accounting for acts of infringement;

76

f.    Such other equitable relief which may be requested and to which the Plaintiff is entitled; and

g.    Such other and further relief as the Court deems just and proper.

Dated: March 30, 2026                              Respectfully submitted,

                                                  */s/ Ryan F. Oliver*
                                                  Peter Lambrianakos (*Pro Hac Vice to be filed)*
                                                  NY Bar No. 2894392
                                                  Email: plambrianakos@frlip.com
                                                  Vincent J. Rubino, III (*Pro Hac Vice to be filed*)
                                                  NY Bar No. 4557435
                                                  Email: vrubino@frlip.com
                                                  Julian Pymento (*Pro Hac Vice to be filed*)
                                                  NY Bar No. 5563499
                                                  Email: jpymento@frlip.com
                                                  Ryan F. Oliver
                                                  TX Bar No. 24132132
                                                  Email: roliver@frlip.com
                                                  **FABRICANT, RUBINO & LAMBRIANAKOS LLP**
                                                  411 Theodore Fremd Avenue,
                                                  Suite 206 South
                                                  Rye, New York 10580
                                                  Telephone: (212) 257-5797
                                                  Facsimile: (212) 257-5796

                                                  ***ATTORNEYS FOR PLAINTIFF***
                                                  ***MONOLITHIC 3D™ INC.***

77